UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. MAXWELL,<br><br>                Petitioner,<br><br>vs.<br><br><br><br><br><br>MATTHEW CATE, Secretary, et al.,<br><br>                Respondent. | CASE NO. 10cv1697-MMA (RBB)<br><br>**ORDER ADOPTING REPORT & RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE;**<br><br>[Doc. No. 12]<br><br>**OVERRULING OBJECTIONS TO REPORT & RECOMMENDATION;**<br><br>[Doc. No. 13]<br><br>**DENYING PETITION FOR WRIT OF HABEAS CORPUS;**<br><br>[Doc. No. 1]<br><br>**DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |

      Petitioner Robert J. Maxwell, proceeding through counsel, filed a petition for writ of habeas corpus pursuant to Title 28 of the United States Code, section 2254 [Doc. No. 1], challenging his state court convictions for first degree robbery, assault with a semiautomatic handgun, assault with a semiautomatic rifle, residential burglary, false imprisonment by violence or menace, grand theft of personal property, intimidating a witness by force or threat, and five counts of tampering with electric, telephone, and cable television lines. Respondent answered the petition [Doc. No. 7], and Petitioner filed a traverse [Doc. No. 11]. The matter is currently before the Court for review of the

1  Report and Recommendation prepared by the assigned magistrate judge recommending that the
2  petition be denied [Doc. No. 12]. Pursuant to Rule 72 of the Federal Rules of Civil Procedure and
3  28 U.S.C. § 636(b)(1), the Court must "make a *de novo* determination of those portions of the report
4  . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings
5  or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1); *see also United States*
6  *v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). Petitioner has objected to certain portions of the
7  Report and Recommendation [Doc. No. 13]. The Court has conducted a *de novo* review of the
8  record. For the reasons set forth below, the Court finds Petitioner's objections to be without merit.

## DISCUSSION

10  Petitioner raises three claims for relief.[1] First, Petitioner alleges that four instances of
11  prosecutorial misconduct rendered his trial fundamentally unfair in violation of his Fourteenth
12  Amendment due process rights. Second, Petitioner alleges ineffective assistance of trial counsel for
13  failing to object properly to the prosecutor's misconduct, and of appellate counsel for failing to
14  argue on appeal that trial counsel's assistance was ineffective. Third, Petitioner argues that the
15  cumulative errors of the prosecutor and his own counsel at trial entitle him to habeas relief.

16  The magistrate judge considered the merit of each of these claims, and concluded that
17  Petitioner is not entitled to habeas relief. Specifically, the magistrate judge found that the four
18  instances of prosecutorial misconduct during Petitioner's trial did not violate his right to due process
19  under the Fourteenth Amendment. The magistrate judge further concluded that Petitioner's
20  ineffective assistance of counsel claim fails because he cannot demonstrate prejudice arising
21  from either trial or appellate counsel's performance. As to Petitioner's claim of cumulative error,
22  the magistrate judge similarly determined that Petitioner fails to establish prejudice, individually or
23  cumulatively, arising from the instances of prosecutorial misconduct or the allegedly ineffective
24  assistance of counsel.

25  Petitioner primarily objects to the magistrate judge's finding of no prejudice as result of the
26  prosecutor's misconduct during trial. After reviewing the trial transcript and other pertinent portions

---

[1] The magistrate judge includes a thorough and accurate report of the relevant background and proceedings, which the Court adopts and incorporates by reference herein. Petitioner does not object to the magistrate judge's account of the facts of the case and procedural background.

of the record, the Court overrules Petitioner's objections.  First, the state appellate court's decision regarding the impact of the prosecutor's *Doyle* error was neither contrary to, nor involved an unreasonable application of, clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  *See* 28 U.S.C. § 2254(d)(1)-(2); *Doyle v. Ohio*, 426 U.S. 610 (1976).  The erroneous line of questioning was brief, the questions were not answered by Petitioner, and defense counsel's objections – albeit on improper grounds – were sustained.  Furthermore, the jury was properly instructed that counsel's questions are not evidence and that unanswered questions were insignificant.  Likewise, neither the prosecutor's questioning of Ditmars, nor the mention of the photo of the rifle, nor the prosecutor's improper comment during closing argument, "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"  *Johnson v. Sublett*, 63 F.3d 926, 929 (9th Cir. 1995) (citation omitted).

In sum, the Court concludes that the magistrate judge issued an accurate report and well-reasoned recommendation that the instant petition be denied on its merits.  The Court **ADOPTS** the Report and Recommendation in its entirety and **DENIES** the petition for writ of habeas corpus.

### CERTIFICATE OF APPEALABILITY

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the petitioner.  Rule 11(a) of the Rules Governing Section 2254 Cases.  Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A)*; Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  Here, a certificate of appealability shall not issue.  *See* 28 U.S.C. § 2253(c).  This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall enter judgment in favor of Respondent and close the file.

**IT IS SO ORDERED**.

DATED: April 20, 2012

*[signature]*

Hon. Michael M. Anello
United States District Judge